# PAVIA & HARCOURT LLP

230 Park Avenue
New York, NY 10169
Telephone: (212) 980-3500
Facsimile:  (212) 980-3185
www.pavialaw.com

Adam D. Mitzner
Partner
Direct Dial: 212-508-2318
Direct Fax: 212-735-7918
amitzner@pavialaw.com

*MILAN*
Via Giosuè Carducci, 38
20123 Milano

*PARIS*
FORENSIS
98 Boulevard Malesherbes
75017 Paris

## MEMO ENDORSED

March 9, 2022

By ECF
Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

**W.J. Deutsch & Sons Ltd. d/b/a/ Deutsch Family Wine & Spirits v.
Diego Zamora, S.A. et al., Case No. 1:21-cv-11003-LTS**

Dear Chief Judge Swain:

Pavia & Harcourt LLP is counsel to Respondents Diego Zamora S.A. and Bodegas Ramon Bilbao S.A ("Respondents"). The Petition filed by W.J. Deutsch & Sons Ltd. d/b/a Family Wine & Spirits ("Petitioner") seeks to vacate a September 23, 2021 Interim Arbitration Award.

We write to notify the Court that, no later than March 18, 2022, Respondents will file a motion to dismiss the Petition as untimely pursuant to Fed. R. Civ. P. 12(b)(6), and to respectfully request that motion practice related to the merits of the Petition, if any is necessary, be adjourned pending the outcome of Respondents' motion to dismiss.

At present, it is unclear whether any response to the motion to vacate is due under S.D.N.Y. Local Civil Rule 6.1(b) because of the piecemeal way this action has been commenced. On December 22, 2021, Petitioner filed the Petition and a notice of motion, but no supporting affidavits or memorandum of law. Then, on February 28, 2022, as part of a motion to seal and redact, Petitioner filed various exhibits. Finally, on March 4, 2022, Petitioner filed a redacted memorandum of law.

Meanwhile, on January 7, 2022, Respondents informed Petitioner that the Petition was time-barred and that if it was not withdrawn, Respondents would move to dismiss and seek Rule 11 sanctions.  Since that time, Respondents waited the 21 days required under Fed. R. Civ. P. 11 for Petitioner to voluntarily withdraw the Petition, and when it did not do so, Respondents began the pre-motion process set forth in Your Honor's Individual Practices.

Hon. Laura Taylor Swain
March 9, 2021
Page 2

The meet and confer process did not result in any change in the parties' positions, and therefore Respondents will file its motion to dismiss by March 18, 2022. However, after being apprised of Respondents' intention to move to dismiss, Petitioner asserted that it would seek an adjudication on the merits of the Petition simultaneously with Respondents' Rule 12(b)(6) motion.

Petitioner then used the meet-and-confer period to file documents that it had long delayed filing – including the memorandum of law. By that tactic, Petitioner apparently believes it can force Respondents to brief the entirety of the motion to vacate along with its motion to dismiss, which has necessitated Respondents seeking the relief requested herein.

### The Petition is Untimely

It is obvious from the "Certificate of Service" (Docket No. 23) that Respondents were not served with the Petition and Notice of Motion by the December 23, 2021 deadline established for service of a motion to vacate an arbitration award by 9 U.S.C. § 12. Respondents are Spanish corporations, and therefore service must be made on them in a manner consistent with the Hague Convention. See, e.g., Marshak v. Original Drifters, Inc., 2020 WL 1151564 (S.D.N.Y. Mar. 10, 2020) (noting that 9 U.S.C. § 12 requires service on foreign parties through Fed. R. Civ. P. 4); see also Fed. R. Civ. P. 4(f)(1).

Since Petitioner did not obtain a Court order permitting alternative service under Fed. R. Civ. P. 4(f)(3), and neither U.S. nor Spanish law affirmatively authorizes unilateral mail service by a party or its counsel, the Hague Convention requires Petitioner to serve Respondents through the Spanish Central Authority. See, e.g., Aircraft Engine Lease Fin., Inc. v. Plus Ultra Lineas Aereas, S.A., 2021 WL 6621578 (S.D.N.Y. Apr. 23, 2021).[1]

Petitioner failed to complete such service by the December 23 deadline – as is evidenced by the fact that the "Certificate of Service" reveals that Petitioner only made a request for service to the Spanish Central Authority on December 23, 2021. Petitioner has still not provided any confirmation that service was completed, and Respondents have not received the Petition from the Spanish Central Authority. Therefore, the Petition is clearly time-barred.

---

[1] Petitioners have argued that they completed service through a variety of other improper and incomplete methods, including (1) through Respondents' U.S. counsel by email, FedEx, and a failed attempt at personal service (even though counsel expressly stated that they were not authorized to accept service); and (2) by FedEx and certified mail in Spain (even though that method is not authorized by the Hague Convention, the Federal Rules, or Spanish law, and the packages were all delivered well after December 23).

Hon. Laura Taylor Swain
March 9, 2021
Page 3

### The Rule 12(b)(6) Motion Should be Decided Before any Motion Practice on the Merits of the Petition

This Court has bifurcated an identical Rule 12(b)(6) motion under similar circumstances. In Milberg LLP v. HWB Alexandra Strategies Portfolio, et al., Case No. 19-CV-4082(AT), the petition, notice of motion, memorandum of law, and all supporting exhibits were filed together, and the Court immediately set briefing deadlines for a summary judgment motion. However, when the respondent indicated to the Court that the petitioner was time-barred under 9 U.S.C. § 12, the Court vacated all other briefing dates and ordered that the respondent's Fed. R. Civ. P. 12 motion on the statute of limitations and service issues be briefed and decided first.

The Court should follow the same procedure here. It is more efficient to first resolve a discrete service of process issue that might obviate the need for more extensive litigation. Additionally, that approach is consistent with Fed. R. Civ. P. 12(a)(4)(A), which delays a party's responsive pleading pending the outcome of a motion to dismiss.

Accordingly, Respondents respectfully request an order that motion practice related to the merits of the Petition, if any is necessary, be adjourned pending the outcome of Respondents' motion to dismiss.

We are, of course, also available for a conference on such matters at the Court's convenience.

Respectfully submitted,

/s/ Adam D. Mitzner

Adam D. Mitzner

The requests for a stay and for bifurcation of motion to dismiss practice are denied.  All grounds on which respondent seeks pre-answer dismissal must be incorporated into its motion.  DE#33 resolved.
SO ORDERED.
3/21/2022
/s/ Laura Taylor Swain, Chief USDJ