UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

W.J. DEUTSCH & SONS LTD.,

      Plaintiff,

 -v-                                                                                                                                                                              No.  1:21-cv-11003-LTS

DIEGO ZAMORA, S.A., et al.,

      Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

Before the Court is the motion of Petitioner W.J. Deutsch & Sons Ltd. ("Petitioner" or "Deutsch") to file redacted documents on the public record, keeping the unredacted documents under seal. (Docket entry no. 28 (the "Motion to Redact").) Petitioner represents that Respondents Diego Zamora, S.A., and Bodegas Ramon Bilbao, S.A. ("Respondents" or "Zamora"), which have not opposed the motion, concur in the proposed redactions. The Court has considered carefully the parties' submissions and arguments, and for the following reasons, the Court grants the motion.

BACKGROUND

This dispute stems from the business relationship of two companies—Deutsch, an American company that imports, distributes, and markets wine products; and Zamora, a Spanish wine manufacturer. From 2009 through 2018, Deutsch distributed Zamora's wines throughout the United States. This business relationship was governed by two contracts—a Distribution Agreement and an LLC Operating Agreement. In early 2018, Zamora sent Deutsch a termination notice indicating that it planned to end the parties' distribution relationship. (Docket

entry no. 31-1 ¶ 18.)  In April 2018, Deutsch commenced an arbitration proceeding against Zamora before the American Arbitration Association, claiming that Zamora's termination notice had breached the LLC agreement; and Zamora asserted counterclaims.  (Id. ¶¶ 22-23.)  On December 19, 2019, the arbitration panel issued a decision ("the First Award") which concluded that Zamora had breached portions of the contract and ordered Zamora to specifically perform its contractual obligations, but which denied Deutsch's request for damages.  (Docket entry no. 31-4, at 36-40.)  In August 2020, Deutsch initiated a second arbitration proceeding against Zamora, in which Deutsch filed motions for summary judgment seeking damages and injunctive relief, and Zamora filed a motion to dismiss.  (Docket entry no. 31-1 ¶¶ 45-51.)  The tribunal issued a decision on September 23, 2021 ("the Second Award"), which denied Deutsch's motions and granted in part Zamora's motion.  (Id. ¶¶ 53-55.)  The second arbitration proceeding remains ongoing.  (Id. ¶ 65.)

The instant action was instituted on December 22, 2021, when Deutsch filed with this Court a Petition to Vacate, contending that the tribunal acted in manifest disregard of the law when it issued the Second Award.  (Docket entry nos. 4 and 6 ("the Petition").)  In the Motion to Redact, Deutsch now seeks to redact the publicly filed versions of its Amended Petition and exhibits (docket entry no. 30) in order to protect the parties' confidential business information, and to file the unredacted documents (docket entry no. 31) under seal.

DISCUSSION

Deutsch asserts that redaction and sealing are necessary to protect the parties' "highly sensitive business, marketing, and sales information," and that Zamora agrees with the content and scope of the sealing request.  (Motion to Redact at 1.)  The three exhibits that

Deutsch seeks to seal are comprised of the parties' Distribution Agreement, the LLC Operating Agreement, and a copy of the First Award (i.e., the decision that was issued by the arbitration panel in December 2019).

The public and the press have a qualified First Amendment right to access judicial documents and proceedings, which may be overcome in certain circumstances, allowing a court to permit a party to file documents under seal.  See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91-92 (2d Cir. 2004).  To determine whether sealing is appropriate, the court first must determine whether the relevant document is a "judicial document" that has "historically been open to the press and general public." Id. at 92.  Here, the relevant documents are a petition to vacate an arbitration award and its supporting documents, which are considered judicial documents and thus are subject to the presumption of public access.  See Whittaker v. MHR Fund Mgmt. LLC, No. 20-CV-7599-AT, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021) ("Petitions to confirm, vacate, or modify arbitration awards, their memoranda of law, and supporting documents, including exhibits in support . . . are judicial documents that directly affect the Court's adjudication of the petition . . . [and] are, therefore, subject to a strong presumption of public access.")  (citation, alterations, and quotation marks omitted).  However, the presumption may be overcome and sealing may be allowed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (citation and quotation marks omitted).  The party seeking to file sealed documents "bears the burden of showing that higher values overcome the presumption of public access." Alexandria Real Est. Equities, Inc. v. Fair, No. 11-CV-3694-LTS, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011).  In the context of business documents like those at issue here, a

party may overcome the presumption of access upon a showing of higher values such as "the protection of sensitive, competitive, or proprietary business information." Whittaker, 2021 WL 4441524 at *2.  Finally, the court should take into account whether the sealing request is "narrowly tailored" to protect the specified higher values, and whether the proposed redactions are overly broad.  See SEC v. Telegram Grp. Inc., No. 19-CV-9439-PKC, 2020 WL 3264264, at *1 - *2 (S.D.N.Y. June 17, 2020).

As the party seeking to place documents under seal, Deutsch bears the burden of demonstrating "higher values" to overcome the presumption of access and justify sealing. Deutsch advances four main reasons why sealing is warranted: (1) because both of the contracts governing the parties' business relationship included confidentiality provisions; (2) because the parties agreed to arbitrate with the expectation of privacy; (3) because the documents contain confidential business information that would subject the parties to a competitive disadvantage if disclosed; and (4) because the information sought to be redacted is not relevant to the resolution of the Petition to Vacate.

Deutsch's first two arguments are insufficient to justify the relief sought, because any previously bargained-for confidentiality between the parties is not sufficient, on its own, to overcome the presumption of access.  See Whittaker, 2021 WL 4441524, at *4 (quoting Bernstein v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018)) ("[The fact] that the arbitration was intended to remain confidential does not, on its own, support sealing, because 'bargained-for confidentiality does not overcome the presumption of access to judicial documents.'"); Alexandria, 2011 WL 6015646, at *3 ( "[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.").

As for Deutsch's arguments regarding competitive disadvantage, it is true that courts will seal "business information that might harm a litigant's competitive standing in the market." New York v. Actavis, PLC, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014). For example, courts will commonly grant a company's request for sealing of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" when disclosure of that information could "provide competitors with an unearned advantage." SEC, 2020 WL 3264264, at *3; see also Kewazinga Corp. v. Microsoft Corp., No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard.") (citation omitted). Sealing is also warranted if the business information would likely qualify as a trade secret. See, e.g., In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Although a business's information need not be a 'true' trade secret in order to warrant [sealing] . . . trade secret law is instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny.") (internal citation omitted).

The specific business information that Deutsch seeks to maintain under seal covers six categories: wholesale wine pricing lists; purchase quantity objectives; deadlines for payment between the parties; marketing strategies for Zamora's wine brands; the insurance amount maintained by Zamora; and the amount of the parties' capital contributions under the contracts. In support of its contention that the disclosure of this information would harm their competitive interests, Deutsch submits the affidavit of Mr. Peter Deutsch, the CEO of Deutsch, who "has a strong personal knowledge of the wine and spirits industry generally, as well as the

business relationships of his company specifically." (Docket entry no. 29 at 4.) Mr. Deutsch submits that the details of supplier and distribution agreements at Deutsch are confidential, only disclosed on a need-to-know basis within the company, and are not available to the public. (Docket entry no. 30 ¶ 2-3, 8.) He further asserts that, should these confidential details (such as price lists, purchase quantities, and marketing strategies) be publicly disclosed, both parties would be subjected to a competitive disadvantage, because both competitors and potential suppliers could utilize this information to better compete with Deutsch in the market or to better negotiate with Deutsch as a supplier. (Id. ¶ 9-10.) Finally, he submits that the proposed redactions are narrowly tailored to cover only the information that would directly harm Deutsch's ability to operate its business competitively. (Id. ¶ 11.)

        The Court concludes that Deutsch has met its burden of demonstrating higher values to overcome the presumption of access and justify sealing. Deutsch has shown that the information sought to be sealed is confidential business information that is not publicly known, and is only disclosed on a limited basis within the company. Deutsch has also shown that disclosure of this confidential business information would subject them to a competitive disadvantage in the wine and spirits market. The categories of confidential business information that Deutsch seeks to redact have been previously recognized by courts in this circuit to be either confidential information worthy of sealing, or trade secrets. See, e.g., Pella Windows & Doors v. Buscarnera, No. 07-CV-82-SLT-JMA, 2007 WL 2089298, at *11 (E.D.N.Y. July 18, 2007) (finding that a company's price lists were trade secrets where they were "not known outside of [the company] and guarded closely by the company," and if disclosed could be used "to undercut [the company] with competitors"); Grayson v. Gen. Elec. Co., No. 3:13-CV-1799-WWE, 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) (finding that disclosure of documents reflecting "the

amount of [product] sold relates directly to confidential information about pricing and profit, and disclosure thereof could cause defendant competitive harm"); GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. Mar. 7, 2011) (finding that "material concerning the defendants' marketing strategies" contained "highly proprietary material" and therefore could remain under seal); BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc., No. 17-CV-1287-RJS, 2017 WL 11568796, at *2 (S.D.N.Y. May 2, 2017) (finding that "information concerning [a party's] insurance coverage," such as "descriptions of [] deductibles and insurers," was "sensitive and non-public" and could be filed under seal); Playtex Prods., LLC v. Munchkin, Inc., No. 14-CV-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing").  Finally, the Court concludes that the scope of the proposed redactions is reasonable and narrowly tailored to cover only the sensitive information that could lead to competitive disadvantage if disclosed.

CONCLUSION

For the foregoing reasons, Deutsch's Motion to Redact is granted.  The Clerk of Court is respectfully directed to maintain the current sealed viewing level of docket entry number 31 and its four exhibits.  This order resolves docket entry numbers 25 and 28.

SO ORDERED.

Dated: New York, New York
March 25, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge